IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN WESLEY STOUT, #1314715 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22cv500 |
| STATE OF TEXAS | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff John Wesley Stout filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On June 17, 2022, the Court ordered Plaintiff to: (1) complete the standard civil rights form and submit it to the Court within thirty days from the receipt of the Order; and (2) either pay the $402.00 filing fee or submit an application to proceed *in forma pauperis* along with a certified data sheet reporting his trust fund activities for the last six months within fourteen days from the receipt of the Order. (Dkt. #3). The record shows that Plaintiff acknowledged receipt of the Order on June 28, 2022. (Dkt. #5). As of this date, Plaintiff has failed to comply with the Court's Order; thus, he has failed to prosecute his case.[1]

---

[1] Plaintiff submitted a letter (Dkt. #6) to the Court in which he appears to be challenging a state court conviction. To the extent Plaintiff seeks to overturn his conviction, he must seek such relief in an application for habeas corpus relief after he has exhausted his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). While the Court declines to construe the instant Section 1983 action as a writ for habeas corpus relief, Plaintiff may file such a writ pursuant to 28 U.S.C. § 2254. The requisite Section 2254 form should be available in the law library.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff has failed to comply with the Court's order. Therefore, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is recommended that the case be dismissed without prejudice. Fed. R. Civ. P. 41(b). Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 2nd day of August, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE